## Raley v. Mitchell.

(Decided March 20, 1928.)

### Appeal from Jefferson Circuit Court (Common Pleas Branch, First Division).

1.  Fraud.—In action for deceit, brought by buyer of corporate stock against seller, evidence that defendant had represented that formula, which corporation was to exploit, was patented, without explaining that patent had only short time to run, held insufficient to take case to jury, since such representation did not show fraud.
2.  Appeal and Error.—In action for deceit by buyer of corporate stock against seller, questions relating to proper mode of procedure held not material on appeal, where plaintiff did not establish that he had cause of action.
3.  Corporations.—Officer of corporation in his dealings with corporation must be held to strictest good faith.
4.  Corporations.—Officer of corporation who is selling stock of corporation must disclose fully all material facts relating to business of corporation and to his interest in proceeds of sale of stock.

J. S. LUSCHER for appellant.

HAGAN & MIX for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

In January, 1922, the appellant, J. W. Raley, participated with certain other gentlemen in purchasing from the appellee, W. M. Mitchell, certain stock in a corporation known as the Oxagine Chemical Manufacturing Company. The company had been incorporated a short while before by appellee with members of his family. Appellee was the discoverer and owner of a certain chemical formula which would prevent suffocation by smoke, and he transferred and assigned this secret formula which was patented to the Oxagine Chemical Manufacturing Company, and in consideration he received the entire capital stock of the corporation of the par value of $1,000,000.

It was a portion of this stock which appellant pur-
chased. He and certain other gentlemen purchased
$100,000 par value of this stock, for which they paid
$10,000. Appellant paid $500 for the stock which he pur-
chased. The venture did not turn out well, and appel-
lant immediately before the expiration of five years after
he purchased the stock instituted this suit against ap-
pellee to recover from him the $500 with interest thereon.
The original petition alleged that the appellee repre-
sented the chemical formula to be of great value, and
that it was patented, when the formula was of little or no
value and the patent had expired by limitation. The ap-
pellee denied that he made any fraudulent representation
in connection with the transaction and the case went to
trial before a jury on that issue. At the conclusion of the
testimony offered by appellant, the lower court instructed
the jury to return a verdict for appellee. Appellant is
complaining about the peremptory instruction. He
thinks he produced evidence sufficient to require the
lower court to submit the issue to the jury.

There is not much conflict in the evidence. Appel-
lant and a few others met appellee at an office in Louis-
ville. The money was paid over at that meeting. A writ-
ing was signed at the time, which showed that the stock
purchased by appellant and others was the personal
property of appellee, and that appellee had sold the stock
on the conditions mentioned in the writing. The money
received was to be used for the purpose of furthering,
introducing, and promoting the interest of the corpora-
tion. The money was so used. Appellant and one or
more of his witnesses testified that inquiry was made by
one of the parties purchasing the stock as to whether the
formula was patented. Appellee stated to them, accord-
ing to their testimony, that the formula was patented in
this country and other countries. One of those purchas-
ing stock at the time was mentioned and designated as
the one asking appellee about the patents. He was used
as a witness by appellant, and testified that the stock
had been purchased before the meeting was held. The
formula was patented at the time the stock was pur-
chased, but the patent had only a short time to run.

The proof showed without contradiction that all of
the parties fully understood the purposes for which the
stock was sold and for which the money paid in was to
be used. The secret formula had a prospective value, if
advertised and brought to the attention of the public.

The result of the efforts of the gentlemen who were interested proved unavailing, not because the patents expired, but for lack of sufficient capital to carry the venture to a successful conclusion.

The representation that the article was patented, if it was made by appellee, was true at the time it was made. It is not claimed by appellant that any representation was made as to the length of time the patent had to run. If the venture had failed because of the expiration of the patent, appellant would have a stronger reason for insisting that he was misled than he has now. But he and appelllee were dealing at arm's length, and he owed some duty to protect his own interest. If he was relying upon the representation that the formula was patented, certainly he should have made some inquiry as to the length of time the patent had to run. We cannot sustain the contention that there was fraud in the statement made by appellee that the formula was patented, when all of the evidence showed that the statement was true. Appellee was introduced as a witness for appellant, and he stated that, at the time of the conference testified about by appellant and his other witnesses, he had the patents with him and laid them on the table for examination by any one who desired to examine them.

It is urged that appellee caused a corporation to be organized under the laws of the state of Delaware to avoid the provisions of the law governing the issuance of securities in this state. There can be nothing in that contention, as the law applies alike to securities issued by domestic and foreign corporations. It may be that the entire capital stock of the corporation should not have been issued to appellee for the formula, but that is a question which has no relation to whether appellee made fraudulent representations to appellant to induce him to purchase the stock. If full value was not paid for the stock by appellee, the creditors of the corporation might complain about it, or stockholders might ask for a cancellation of the stock so issued above the real value of the thing given in exchange for the stock. Appellant knew all of the facts when he purchased his stock, and he is in no position to complain at this time.

The questions discussed by appellant in his brief relating to the proper mode of procedure are not material, as appellant was under the necessity of establishing that he had a cause of action before the method of procedure became of importance.

It is true, as was held in the case of Lancaster Loose Leaf Tobacco Co. v. Robinson, 199 Ky. 313, 250 S. W. 997, that an officer of a corporation, in his dealings with the corporation, must be held to the strictest good faith, but that does not help appellant in this case, as there is no proof to establish a lack of good faith on the part of appellee in his dealings with appellant. It is the duty of an officer of a corporation who is selling the stock of the corporation to disclose fully all the material facts relating to the business of the corporation and to his interest in the proceeds of the sale of the stock. But there is no proof in this case showing that appellee failed to discharge any obligation resting on him in this respect.

As we view this whole matter, the appellee had a secret formula in which he had great faith. It was brought to the attention of appellant and those associated with him. They agreed to put up a certain sum of money, which was to be used in an effort to place the secret formula on the market. The money so paid in was treated as if it belonged to the corporation, and was spent accordingly. If success had come as a result of the expenditure of this money, the appellant stood to profit thereby, but, if the venture failed he stood to lose the amount of money which he had put in. No one can read this record without coming to the conclusion that the venture was fully understood by appellant. Appellant points out no fraud practiced by appellee, and for that reason he cannot recover in an action for deceit. The lower court properly so held.

Judgment affirmed.